FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Fort Myers Division**

2014 NOV -7 PM 2: 35

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

KAREN JARVIS and MICHAEL JARVIS
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

    v.

BMW OF NORTH AMERICA, LLC,

                Defendant.

Civil Action No.

2: 14-cv-654-FtM-29Cm

## CLASS ACTION COMPLAINT, DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

Plaintiffs Karen Jarvis and Michael Jarvis ("Plaintiffs"), by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

### NATURE OF THE ACTION

1.      This is a class action lawsuit against Defendant BMW of North America, LLC ("BMW") for misrepresenting the fuel economy of 2014 Mini Cooper and Mini Cooper S 3-door automobiles with both semi-automatic and manual transmission (the "Mini Coopers").

2.      BMW overstated the fuel economy in miles per gallon ("MPG") of the Mini Coopers in its advertising and promotional materials, including BMW's website and its advertising brochures for the vehicles. In reality, the Mini Coopers get considerably less than the advertised MPG. Thus, Plaintiffs and other Mini Cooper purchasers were hit with a costly double-whammy: a higher up-front purchase price due to the substantial price premium that

1

more fuel-efficient vehicles command, followed by higher fuel costs over the life of the vehicles, since their actual fuel consumption is higher than what was promised.

       3.      On October 22, 2014, the United States Environmental Protection Agency (the "EPA") concluded an investigation into the Mini Coopers' fuel economy.  The EPA found that BMW had overstated the Mini Coopers' fuel economy in MPG.  As a result, the EPA has ordered BMW to restate the fuel economy in MPG for the Mini Coopers.  *See* Exhibit A (10/22/14 EPA Press Release).  The specific misrepresentations and new requirements are summarized in the table below:

| Model | Transmission | Stated MPG Values | | | Actual MPG Values | | |
|---|---|---|---|---|---|---|---|
| | | Combined (MPG) | City (MPG) | Highway (MPG) | Combined (MPG) | City (MPG) | Highway (MPG) |
| Cooper 3-door | MT | 34 | 30 | 42 | 33 | 29 | 40 |
| Cooper 3-door | Semi-Auto | 33 | 29 | 40 | 32 | 28 | 39 |
| Cooper S 3-door | MT | 29 | 25 | 38 | 28 | 24 | 34 |
| Cooper S 3-door | Semi-Auto | 31 | 27 | 38 | 30 | 26 | 35 |

       4.      This lesser fuel efficiency causes consumers to incur additional fuel costs than what was advertised over the life of the Mini Coopers.  For example, in 2012 Hyundai similarly misrepresented the fuel economy of some of its vehicles and ultimately provided consumers

$89.30 who drove 20,000 miles over the 2012 calendar year and whose vehicle received 1 MPG

less fuel economy than stated.[1]

## BMW's FALSE MARKETING CAMPAIGN

5.     BMW's Mini Cooper website prominently featured the Mini Coopers' fuel

economy in MPG prior to the EPA order.[2]



6.     These same overstatements were included in other marketing materials, including

BMW's television commercials and advertising brochures for the Mini Coopers.

7.     The overstatements regarding the Mini Coopers' fuel economy in MPG were

made based on testing methods which the EPA found to be incorrect.

---

[1] https://hyundaimpginfo.com/customerinfo/compensation-information (last visited Nov. 6, 2014).

[2] https://web.archive.org/web/20140708002736/http://www.miniusa.com/content/miniusa/en /model/hardtop.html (last visited Nov. 6, 2014).

8. BMW conducted inadequate and inaccurate EPA fuel economy testing on various vehicle models resulting in vehicles whose fuel economy in MPG were less than that produced by the correct federal testing methods. The EPA has found BMW's testing methods were incorrect and produced artificially high fuel economy in MPG. These overstatements are material because the federal testing methods provide an important tool for standardizing vehicle comparison by consumers when evaluating vehicles to lease or purchase. BMW's fuel economy overstatements may also extend to other Mini Cooper models and model years.

9. BMW should have known, or consciously, or recklessly disregarded facts that indicated its fuel economy representations and advertising were erroneous and overstated. Standard internal testing, quality control checks, and investigation should have revealed the problem. BMW willfully and uniformly failed to identify its overstatements. BMW's overstatements in fuel economy in MPG constitute actionable misrepresentations, an unfair, unlawful, fraudulent, and deceptive business practice in violation of Florida's and New Jersey's consumer protection laws, a breach of the express warranty offered by BMW, a breach of the implied warranty of merchantability, unjustly enriched BMW, and constitute negligent misrepresentation and fraud.

10. This action seeks relief for the injuries sustained as the result of BMW's advertising and marketing campaign concerning the Mini Coopers' overstated fuel economy in MPG.

11. Plaintiffs and the Class and Subclass have been damaged by BMW's misrepresentations and false advertising because they were misled into purchasing the Mini Coopers which were of a lesser quality than promised, and are now paying higher fuel costs they would not otherwise have paid.

4

**PARTIES**

12.     Plaintiffs Karen and Michael Jarvis are Florida residents who reside in Arcadia, Florida.  In or about March 2014, Plaintiffs purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for approximately $27,000.  Prior to purchasing their Mini Cooper, Plaintiffs saw BMW's overstated MPG for the model they purchased in Defendant's marketing materials, including on Defendant's website and in Defendant's brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini Cooper they bought would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In reality, the Mini Cooper they bought gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These representations were an important consideration in Plaintiffs' decision to purchase the Mini Cooper.  Plaintiffs relied on these representations in deciding to purchase the Mini Cooper, and the representations were part of the basis of the bargain, in that Plaintiffs were misled into purchasing a Mini Cooper of a quality different than they were promised.  They also understood that in making the sale, the Mini Cooper dealer was acting with the knowledge and approval of Defendant and/or as the agent of Defendant.  They also understood that the purchase involved a direct transaction between themselves and Defendant, because their purchase came with Defendant's representations and warranties that the product did, in fact, receive the stated fuel economy in MPG.  As a result of the inaccurate stated fuel economy in MPG and representations, Plaintiffs paid a higher purchase price for the Mini Cooper than they would have paid if accurate fuel economy in MPG had been revealed, and Plaintiffs are incurring higher fuel costs than they otherwise would have.

13.     Defendant BMW of North America, LLC ("BMW") is a New Jersey limited liability company with its principal place of business in Woodcliff Lake, New Jersey.  Defendant

5

promotes, markets, distributes, and sells Mini Coopers across the United States, including to thousands of consumers in Florida.

14.     Plaintiffs reserve the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendant does substantial business in this District, and a substantial part of the events giving rise to Plaintiffs' claims took place within this judicial district, including their purchase of a Mini Cooper.

17.     All conditions precedent to the bringing of any and all causes of action herein have been satisfied including any notice and opportunity for corrective action requirements. Attached as Exhibit B is a true and correct copy of Plaintiffs' MMWA and Fla. Stat. § 672 notice letter.

## CLASS REPRESENTATION ALLEGATIONS

18.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased or leased the Mini Coopers (the "Class") and a subclass of all Class members who

purchased or leased the Mini Coopers in Florida (the "Florida Subclass"). Excluded from the

Class and the Florida Subclass is any entity in which Defendant has a controlling interest, and

officers or directors of Defendant.

19.     Members of the Class and Florida Subclass are so numerous that their individual

joinder herein is impracticable. On information and belief, members of the Class and Florida

Subclass number in the tens of thousands. The precise number of Class members and their

identities are unknown to Plaintiffs at this time but may be determined through discovery. Class

members may be notified of the pendency of this action by mail and/or publication through the

distribution records of Defendant and third party retailers and vendors.

20.     Common questions of law and fact exist as to all Class members and predominate

over questions affecting only individual Class members. Common legal and factual questions

include, but are not limited to, whether Defendant's labeling, marketing, advertising, and

promotion of the Mini Coopers' fuel economy was false and misleading.

21.     The claims of the named Plaintiffs are typical of the claims of the Class in that the

named Plaintiffs were exposed to Defendant's false and misleading marketing and promotional

materials, purchased a Mini Cooper, and suffered a loss as a result of that purchase.

22.     Plaintiffs are adequate representatives of the Class and Florida Subclass because

their interests do not conflict with the interests of the Class members they seek to represent, they

have retained competent counsel experienced in prosecuting class actions, and they intend to

prosecute this action vigorously. The interests of Class members will be fairly and adequately

protected by Plaintiffs and their counsel.

23.     The class mechanism is superior to other available means for the fair and efficient

adjudication of the claims of Class and Florida Subclass members. Each individual Class

member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### (Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)

24.     Plaintiffs bring this Count I individually and on behalf of the members of the Class and Florida Subclass against Defendant.

25.     The Mini Coopers are "consumer products" as defined in 15 U.S.C. § 2301(1).

26.     Plaintiffs and Class members are "consumers" as defined in 15 U.S.C. § 2301(3).

27.     Defendant is a "supplier and warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

28.     In connection with the sale of Mini Coopers, Defendant issued written warranties in various written marketing and promotional materials, as defined in 15 U.S.C. § 2301(6), by representing the Mini Coopers' overstated fuel economy in MPG.

29.     In fact, the Mini Coopers do not conform to these written warranties because they operate with lesser fuel economy than represented.

30.     On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in MPG for the Mini Coopers.

8

31.     Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a
semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for
approximately $27,000.

32.     Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated
MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's
brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini
Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In
reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These
representations were an important consideration in Plaintiffs' decision to purchase the Mini
Cooper.

33.     Plaintiffs relied on these representations in deciding to purchase the Mini Cooper,
and the representations were part of the basis of the bargain, in that they were misled into
purchasing a Mini Cooper which was of a lesser quality than promised.

34.     By reason of Defendant's breach of warranties, Defendant violated the statutory
rights due Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15
U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiffs and Class members.

35.     Plaintiffs and Class members were injured as a direct and proximate cause of
BMW's breach of warranty.  Plaintiffs and members of the Class have been harmed because (a)
they would not have purchased the Mini Coopers on the same terms if the true facts concerning
their fuel consumption had been known; (b) they paid a price premium due to the overstated
MPG values; (c) they have paid and will continue to pay higher fuel costs for as long as they
continue to use the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the
revelation of the actual MPG values.

36.     WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

A.     For an order certifying the nationwide Class and Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.     For an order finding in favor of Plaintiffs, the nationwide Class, and the Florida Subclass on the Magnuson-Moss Warranty Count;

D.     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

E.     For prejudgment interest on all amounts awarded;

F.     For injunctive relief as pleaded or as the Court may deem proper; and

G.     For an order awarding Plaintiffs and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## COUNT II
### (Breach Of Express Warranty)

37.     Plaintiffs bring this Count II individually and on behalf of the members of the Class and Florida Subclass against Defendant.

38.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the Mini Coopers issued written warranties by representing the Mini Coopers' overstated fuel economy in MPG.

39.     In fact, the Mini Coopers do not conform to these written warranties because they operate with lesser fuel economy than represented.

40.     On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in MPG for the Mini Coopers.

41.     Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for approximately $27,000.

42.     Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These representations were an important consideration in Plaintiffs' decision to purchase the Mini Cooper.

43.     Plaintiffs relied on these representations in deciding to purchase the Mini Cooper, and the representations were part of the basis of the bargain, in that they were misled into purchasing a Mini Cooper which was of a lesser quality than promised.

44.     Plaintiffs and Class members were injured as a direct and proximate cause of BMW's breach of warranty.  Plaintiffs and members of the Class have been harmed because (a) they would not have purchased the Mini Coopers on the same terms if the true facts concerning their fuel consumption had been known; (b) they paid a price premium due to the overstated MPG values; (c) they have paid and will continue to pay higher fuel costs for as long as they continue to use the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the revelation of the actual MPG values.

45.     WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

A.     For an order certifying the nationwide Class and Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as

representatives of the Class and Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.  For an order finding in favor of Plaintiffs, the nationwide Class, and the Florida Subclass on the Breach of Express Warranty Count;

C.  For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

D.  For prejudgment interest on all amounts awarded;

E.  For injunctive relief as pleaded or as the Court may deem proper; and

F.  For an order awarding Plaintiffs and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## COUNT III
### (Breach of Implied Warranty of Merchantability)

46.  Plaintiffs bring this Count III individually and on behalf of members of the Class and Florida Subclass against Defendant.

47.  Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Mini Coopers received better fuel economy in MPG than they actually did.

48.  Defendant breached the warranty implied in the contract for the sale of the Mini Coopers because they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the Mini Coopers do not receive the fuel economy represented by Defendant.  As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

49.  On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in MPG for the Mini Coopers.

12

50.     Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for approximately $27,000.

51.     Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These representations were an important consideration in Plaintiffs' decision to purchase the Mini Cooper.

52.     Plaintiffs relied on these representations in deciding to purchase the Mini Cooper, and the representations were part of the basis of the bargain, in that they were misled into purchasing a Mini Cooper which was of a lesser quality than promised.

53.     Plaintiffs and Class members purchased the Mini Coopers in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

54.     The Mini Coopers were not altered by Plaintiffs or Class members.

55.     The Mini Coopers were defective when they left the exclusive control of Defendant.

56.     Defendant knew that the Mini Coopers would be purchased and used without additional testing by Plaintiffs and Class members.

57.     The Mini Coopers were defectively designed and unfair for their intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

58.     Plaintiffs and Class members were injured as a direct and proximate cause of BMW's breach of warranty. Plaintiffs and members of the Class have been harmed because (a) they would not have purchased the Mini Coopers on the same terms if the true facts concerning their fuel consumption had been known; (b) they paid a price premium due to the overstated MPG values; (c) they have paid and will continue to pay higher fuel costs for as long as they continue to use the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the revelation of the actual MPG values.

59.     WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

       A.     For an order certifying the nationwide Class and Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

       B.     For an order finding in favor of Plaintiffs, the nationwide Class, and the Florida Subclass on the Breach of Implied Warranty of Merchantability Count;

       C.     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

       D.     For prejudgment interest on all amounts awarded;

       E.     For injunctive relief as pleaded or as the Court may deem proper; and

       F.     For an order awarding Plaintiffs and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## COUNT IV
### (Unjust Enrichment)

60.     Plaintiffs bring this Count IV individually and on behalf of the members of the Class and Florida Subclass against Defendant.

61.     Plaintiffs and Class members conferred benefits on Defendant by purchasing the Mini Coopers.

62.     Defendant has knowledge of such benefits.

63.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of the Mini Coopers.  Retention of those monies under these circumstances is unjust and inequitable because Defendant misrepresented that the Mini Coopers received better fuel economy than they actually did, which caused injuries to Plaintiffs and Class members because they were misled into purchasing the Mini Cooper of a quality different than they were promised.

64.     On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in MPG for the Mini Coopers.

65.     Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for approximately $27,000.

66.     Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These representations were a major consideration in Plaintiffs' decision to purchase the Mini Cooper.

67.     Plaintiffs relied on these representations in deciding to purchase the Mini Cooper, and the representations were part of the basis of the bargain, in that (a) they would not have purchased the Mini Coopers on the same terms if the true facts concerning their fuel

15

consumption had been known; (b) they paid a price premium due to the overstated MPG values;

(c) they have paid and will continue to pay higher fuel costs for as long as they continue to use

the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the revelation of the

actual MPG values.

68.    Because Defendant's retention of the non-gratuitous benefits conferred on it by

Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to

Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

69.    WHEREFORE, Plaintiffs, individually and on behalf of all others similarly

situated, seek judgment against Defendant, as follows:

> A.    For an order certifying the nationwide Class and Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

> B.    For an order finding in favor of Plaintiffs, the nationwide Class, and the Florida Subclass on the Unjust Enrichment Count;

> C.    For an order of restitution and all other forms of equitable monetary relief

> D.    For prejudgment interest on all amounts awarded;

> E.    For injunctive relief as pleaded or as the Court may deem proper; and

> F.    For an order awarding Plaintiffs and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## <u>COUNT V</u>
**(Florida Deceptive And Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*)**

70.    Plaintiffs bring this Count V on behalf of the members of the Florida Subclass

against Defendant.

71.    This cause of action is brought pursuant to the Florida Deceptive and Unfair

Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* ("FDUTPA").  The express purpose of

FDUTPA is to "protect the consuming public...from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

72.     Plaintiffs and Subclass members are "consumers" within the meaning of Fla. Stat. § 501.203(7).

73.     Defendant was engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

74.     The sale of the Mini Coopers constituted "consumer transactions" within the scope of the Fla. Stat. §§ 501.201 to 501.213.

75.     Fla. Stat. § 501.204(1) declares unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

76.     Fla. Stat. § 501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [section] 5(a)(1) of the Federal Trade Commission Act." Defendant's unfair and deceptive practices are likely to mislead – and have misled – the consumer acting reasonably in the circumstances, and violate Fla. Stat. § 501.204 and 21 U.S.C. § 352.

77.     Defendant has violated the FDUTPA by engaging in the unfair and deceptive practices, which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers, by advertising the Mini Coopers' overstated fuel economy in MPG and by engaging in the trade or commerce of automobiles using these overstatements.

78.     On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in MPG for the Mini Coopers.

17

79.    Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for approximately $27,000.

80.    Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These representations were an important consideration in Plaintiffs' decision to purchase the Mini Cooper.

81.    Plaintiffs relied on these representations in deciding to purchase the Mini Cooper, and the representations were part of the basis of the bargain, in that they were misled into purchasing a Mini Cooper which was of a lesser quality than promised.

82.    Plaintiffs and Class members were injured as a direct and proximate cause of BMW's conduct.  Plaintiffs and members of the Class have been harmed because (a) they would not have purchased the Mini Coopers on the same terms if the true facts concerning their fuel consumption had been known; (b) they paid a price premium due to the overstated MPG values; (c) they have paid and will continue to pay higher fuel costs for as long as they continue to use the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the revelation of the actual MPG values.

83.    The damages suffered by Plaintiffs and the Subclass were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant.

84.     Pursuant to Fla. Stat. § 501.211(1), Plaintiffs and the Subclass seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

85.     Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiffs and the Subclass make claims for damages and attorneys' fees and costs.

86.     WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

     A.    For an order certifying the Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Subclass members;

     B.    For an order declaring the Defendant's conduct violates the statutes referenced herein;

     C.    For an order finding in favor of Plaintiffs and the Florida Subclass on the Florida Deceptive And Unfair Trade Practices Count;

     D.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

     E.    For prejudgment interest on all amounts awarded;

     F.    For injunctive relief as pleaded or as the Court may deem proper; and

     G.    For an order awarding Plaintiffs and the Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## COUNT VI
### (Violation Of The New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.*)

87.     Plaintiffs bring this Count VI individually and on behalf of members of the Class.

88.     Defendant made misrepresentations about the Mini Coopers to consumers, including but not limited to, the representation that the Mini Coopers received better fuel economy than they actually did.

19

89.     Defendant engaged in an unconscionable commercial conduct because the Mini
Coopers do not receive the fuel economy Defendant represented they did.

90.     On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in
MPG for the Mini Coopers.

91.     Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a
semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for
approximately $27,000.

92.     Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated
MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's
brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini
Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In
reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These
representations were an important consideration in Plaintiffs' decision to purchase the Mini
Cooper.

93.     Plaintiffs relied on these representations in deciding to purchase the Mini Cooper,
and the representations were part of the basis of the bargain, in that were misled into purchasing
a Mini Cooper which was of a lesser quality than promised.

94.     Plaintiffs and Class members were injured as a direct and proximate cause of
BMW's conduct.  Plaintiffs and members of the Class have been harmed because (a) they would
not have purchased the Mini Coopers on the same terms if the true facts concerning their fuel
consumption had been known; (b) they paid a price premium due to the overstated MPG values;
(c) they have paid and will continue to pay higher fuel costs for as long as they continue to use

the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the revelation of the

actual MPG values.

95.     Defendant's dissemination of these misrepresentations in order to sell more of its

product were actuated by actual malice and/or accompanied by a wanton and willful disregard of

harm to Plaintiffs and members of the Class.

96.     WHEREFORE, Plaintiffs, individually and on behalf of all others similarly

situated, seek judgment against Defendant, as follows:

A.     For an order certifying the nationwide Class and Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.     For an order finding in favor of Plaintiffs, the nationwide Class, and the Florida Subclass on the New Jersey Consumer Fraud Act Count;

D.     For statutory, compensatory, and punitive damages in amounts to be determined by the Court and/or jury;

E.     For prejudgment interest on all amounts awarded;

F.     For injunctive relief as pleaded or as the Court may deem proper; and

G.     For an order awarding Plaintiffs and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## COUNT VII
### (Negligent Misrepresentation)

97.     Plaintiffs bring this Count VII individually and on behalf of members of the Class

and Florida Subclass against Defendant.

98.     Defendant misrepresented that the Mini Coopers received better fuel economy than they actually did.  Defendant had a duty to accurately disclose this information under federal law.  *See* 40 C.F.R. § 600.301.

99.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

100.    At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about the Mini Coopers.

101.    The negligent misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually did induce Plaintiffs and Class members to purchase the Mini Coopers.

102.    On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in MPG for the Mini Coopers.

103.    Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for approximately $27,000.

104.    Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These representations were an important consideration in Plaintiffs' decision to purchase the Mini Cooper.

105.    Plaintiffs relied on these representations in deciding to purchase the Mini Cooper, and the representations were part of the basis of the bargain, in that (a) they would not have purchased the Mini Coopers on the same terms if the true facts concerning their fuel consumption had been known; (b) they paid a price premium due to the overstated MPG values; (c) they have paid and will continue to pay higher fuel costs for as long as they continue to use the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the revelation of the actual MPG values.

106.    The negligent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

107.    WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

    A.    For an order certifying the nationwide Class and Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

    B.    For an order finding in favor of Plaintiffs, the nationwide Class, and the Florida Subclass on the Negligent Misrepresentation Count;

    C.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

    D.    For prejudgment interest on all amounts awarded;

    E.    For injunctive relief as pleaded or as the Court may deem proper; and

    F.    For an order awarding Plaintiffs and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## COUNT VIII
### (Fraud)

108.    Plaintiffs bring this Count VIII individually and on behalf of members of the Class and Florida Subclass against Defendant.

23

109.    Defendant provided Plaintiffs and Class members with false or misleading information and failed to disclose material facts about the Mini Coopers, including but not limited to the fact that it did not receive the fuel economy that was represented.  These misrepresentations and omissions were made with knowledge of their falsehood.

110.    The misrepresentations and omissions made by Defendant, upon with Plaintiffs and the Class reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase the Mini Coopers.

111.    On October 22, 2014, the EPA ordered Defendant to restate the fuel economy in MPG for the Mini Coopers for approximately $27,000.

112.    Plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida.

113.    Prior to purchasing their Mini Cooper, Plaintiffs saw Defendant's overstated MPG in Defendant's marketing materials, including on Defendant's website and in Defendant's brochure for the Mini Cooper.  Specifically, Plaintiffs saw the representations that the Mini Cooper they purchased would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined.  In reality, the Mini Cooper gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  These representations were an important consideration in Plaintiffs' decision to purchase the Mini Cooper.

114.    Plaintiffs relied on these representations in deciding to purchase the Mini Cooper, and the representations were part of the basis of the bargain, in that (a) they would not have purchased the Mini Coopers on the same terms if the true facts concerning their fuel consumption had been known; (b) they paid a price premium due to the overstated MPG values; (c) they have paid and will continue to pay higher fuel costs for as long as they continue to use

24

the Mini Coopers; (d) the resale value of the Mini-Coopers is diminished by the revelation of the actual MPG values.

115.   The fraudulent actions of Defendant caused damage to Plaintiffs and Class members who are entitled to damages and other legal and equitable relief as a result.

116.   WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

A.   For an order certifying the nationwide Class and Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.   For an order finding in favor of Plaintiffs, the nationwide Class, and the Florida Subclass on all counts asserted herein;

C.   For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

D.   For prejudgment interest on all amounts awarded;

E.   For injunctive relief as pleaded or as the Court may deem proper; and

F.   For an order awarding Plaintiffs and the Class and Florida Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues so triable.

Dated: November 7, 2014

Respectfully submitted,

Scott A. Bursor (State Bar No. 68362)

**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Email: scott@bursor.com