```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

KAREN JARVIS, on behalf of themselves and all others similarly situated and MICHAEL JARVIS, on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.                              Case No: 2:14-cv-654-FtM-29CM

BMW OF NORTH AMERICA, LLC,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #14) filed on December 22, 2014. Plaintiffs filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. #21) on January 12, 2015. Also before the Court is plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (Doc. #30) filed on February 5, 2015. Defendant filed a Response in Opposition (Doc. #35) on February 19, 2015.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

In March 2014, plaintiffs Karen and Michael Jarvis purchased a 2014 Mini Cooper 3-door with a semi-automatic transmission from a Mini Cooper dealer in Fort Myers, Florida for approximately $27,000.  (Doc. #1, ¶ 12.)  Prior to purchasing their Mini Cooper, plaintiffs saw representations in defendant BMW of North America, LLC's (defendant or "BMW")[1] marketing materials, such as defendant's website and the brochure for the Mini Cooper, indicating that the Mini Cooper they bought would get 40 miles per gallon (MPG) Highway, 29 MPG City, and 33 MPG Combined.  (Id.)  These representations were an important consideration in plaintiffs' decision to purchase the Mini Cooper.  (Id.)

On October 22, 2014, the United Stated Department of Environmental Protection (EPA) issued the following press release:

> The EPA performed a fuel economy audit on the BMW Mini Cooper and obtained values that differed from those BMW submitted to EPA for certification.  With EPA oversight, BMW conducted new emissions and fuel economy testing, and EPA conducted its own testing at its National Vehicle and Fuel Emissions Laboratory in Ann Arbor, Michigan. As a result of this subsequent testing, EPA is requiring BMW to relabel four of its 2014 Mini Cooper models with lower fuel economy values.

---

[1] BMW promotes, markets, distributes, and sells Mini Coopers throughout the United States.  (Doc. #1, ¶ 13.)

3

(Doc. #1-1, p. 2.) The specific changes to the fuel economy stickers are as follows:

| 2014 BMW Mini Cooper Fuel Economy Value Updates | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Old Label Values | | | New Label Values | | |
| Model | Transmission | Combined (MPG) | City (MPG) | Highway (MPG) | Combined (MPG) | City (MPG) | Highway (MPG) |
| Cooper 3-door | MT | 34 | 30 | 42 | 33 | 29 | 40 |
| Cooper 3-door | Semi-Auto | 33 | 29 | 40 | 32 | 28 | 39 |
| Cooper S 3-door | MT | 29 | 25 | 38 | 28 | 24 | 34 |
| Cooper S 3-door | Semi-Auto | 31 | 27 | 38 | 30 | 26 | 35 |

(Id.)

Plaintiffs allege that BMW's fuel economy estimates for the Mini Copper were based on testing methods that the EPA found to be inadequate. (Doc. #1, ¶ 7.) Because BMW's testing methods were both inadequate and inaccurate, the Mini Cooper's fuel economy was artificially high. (Id. ¶ 8.) Plaintiffs further allege that BMW should have known that its fuel economy representations and advertising were erroneous and overstated. Plaintiffs were damaged by the misrepresentations and false advertising because they were misled into purchasing a Mini Cooper of lesser quality than promised. (Id. ¶ 9.)

On November 11, 2014, plaintiffs filed a putative Class Action Complaint against BMW alleging the following claims: (1) Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 to 2312; (2) Breach of Express Warranty; (3) Breach of Implied Warranty of Merchantability; (4) Unjust Enrichment; (5) Violation of the

4

Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201 to 501.213; (6) Violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 to 56:8-195; (7) Negligent Misrepresentation; and (8) Fraud. (Doc. #1.) Plaintiffs seek to represent a class defined as all persons in the United States who purchased or leased a 2014 Mini Cooper or Mini Cooper S 3-door automobile with either a semi-automatic transmission or a manual transmission (the "Nationwide Class"), with a subclass of all persons who purchased or leased a 2014 Mini Cooper or Mini Cooper S 3-door automobile with either a semi-automatic transmission or a manual transmission in the State of Florida (the "Florida Subclass"). (Id.)

BMW asserts that the Class Action Complaint should be dismissed because: (1) EPA estimates are not guarantees; (2) Federal Trade Commission (FTC) regulations preempt plaintiffs' claims; (3) plaintiffs failed to plead their fraud-based claims with adequate specificity; (4) plaintiffs' claim for unjust enrichment is duplicative of their other claims; (5) plaintiffs' FDUTPA claim is exempt from FDUTPA coverage; (6) the New Jersey Consumer Fraud Act does not apply to Florida residents; and (7) plaintiffs are not in privity with BMW. (Doc. #14.) BMW also asserts that plaintiffs' class-action allegations should be dismissed. (Id.)

5

**III.**

Congress enacted the Energy Policy and Conservation Act (EPCA) in 1975 to address America's "chronic energy supply shortages, particularly petroleum supply shortages, experienced by the U.S. in the early 1970s." H.R. Rep. No. 106-356, at 2 (1999). The EPCA was created, in part, to "provide for improved energy efficiency of motor vehicles" and to "provide a means for verification of energy data to assure the reliability of energy data." 42 U.S.C. § 6201. To further this purpose, Congress enacted 49 U.S.C. § 32908(b) to help consumers make wiser choices in selecting a vehicle that uses less petroleum. See True v. Am. Honda Motor Co., Inc., 520 F. Supp. 2d 1175, 1181 (C.D. Cal. 2007).

Section 32908(b) provides that a manufacturer of automobiles shall attach a label, commonly referred to as a "Monroney" label, to a prominent place on every new vehicle, detailing, among other things, the fuel economy of the vehicle. 49 U.S.C. § 32908(b)(1). Congress tasked the EPA Administrator with calculating the estimated fuel economy of every new vehicle in terms of miles per gallon for city and highway use. 49 U.S.C. § 32901(11); 49 U.S.C. § 32904; 40 C.F.R. §§ 600.001 to 600.011. A disclosure about a vehicle's fuel economy "does not establish a warranty under a law of the United States or a State." 49 U.S.C. § 32908(d).

Because the provisions of § 32908 only apply to Monroney stickers, the FTC promulgated regulations governing the

6

advertising of the EPA's estimated fuel economy for all new automobiles. FTC Guide Concerning Fuel Economy Advertising of New Automobiles, 16 C.F.R. § 259.2. The FTC regulation states in relevant part:

> (a) No manufacturer or dealer shall make any express or implied representation in advertising concerning the fuel economy of any new automobile unless such representation is accompanied by the following clear and conspicuous disclosures:
>
> (1) If the advertisement makes:
>
> (i) Both a city and a highway fuel economy representation, both the "estimated city mpg" and the "estimated highway mpg" of such new automobile must be must be disclosed;
>
> (ii) A representation regarding only city or only highway fuel economy, only the corresponding EPA estimate must be disclosed;
>
> (iii) A general fuel economy claim without reference to either city or highway, or if the representation refers to any combined fuel economy number, the "estimated city mpg" must be disclosed; and
>
> (2) That the U.S. Environmental Protection Agency is the source of the "estimated city mpg" and "estimated highway mpg" and that the numbers are estimates.

16 C.F.R. 259.2(a) (footnotes omitted).

"Simply put, when a manufacturer includes miles per gallon numbers in an advertisement, it must, in a clear and conspicuous manner, include the EPA mileage estimates, state that they are estimates, and indicate that the EPA is the source of the estimates." Sanchez v. Ford Motor Co., Civil Action No 13-cv-01924-RBJ, 2014 WL 2218278, at *4 (D. Colo. May 28, 2014).

7

Thus, a the disclosure of a vehicle's fuel economy on a Monroney sticker or in an advertisement cannot serve as the basis for a claim against the manufacturer provided that the disclosure complies with the requirements set forth in 49 U.S.C. § 32908(b) and 16 C.F.R. 259.2.  See Sanchez, 2014 WL 2218278, at *4; Brett v. Toyota Motor Sales, U.S.A., Inc., No. 6:08-cv-1168-Orl-28GJK, 2008 WL 4329876, at *7 (M.D. Fla. Sept. 15, 2008).

Here, plaintiffs allege that their Mini Cooper came with a guarantee that it "would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined."  (Doc. #1, ¶ 12, 32, 42, 51, 66, 80, 92, 104, 113.) In reality, the Mini Cooper they bought only gets 39 MPG Highway, 28 MPG City, and 32 MPG Combined.  (Id.)  As a result of the 1 MPG fuel economy overstatement, plaintiffs allege that they paid a higher purchase price for the Mini Cooper and have subsequently incurred higher fuel costs.  (Id. ¶ 12.)  Nowhere in the Class Action Complaint does it clearly allege that defendant failed to comply with the applicable law.[2]  Because plaintiffs' claims, as

---

[2] Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss appears to set forth an alternative theory of the case that is not supported by the allegations in the Class Action Complaint.  Specifically, plaintiffs assert that their Mini Cooper came with a guarantee that fuel economy estimates were calculated in accordance with the standards set forth by the EPA. (Doc. #21, p. 7.)  Plaintiffs, however, contend that the fuel economy estimates were not calculated in accordance with EPA standards.  Consequently, plaintiffs did not receive the Mini Cooper they believed they purchased.  (Id. at 8.)

8

currently alleged, are premised solely on the overstatement of the Mini Cooper's estimated fuel economy, the Class Action Complaint will be dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #14) is **GRANTED** and the Class Action Complaint is **dismissed without prejudice** to filing an Amended Class Action Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (Doc. #30) is **DENIED without prejudice.** Plaintiffs may file a Renewed Motion for Class Certification within **FOURTEEN (14) DAYS** of Defendant filing an Answer to an Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of May, 2015.

  _____
  JOHN E. STEELE
  UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record