UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN JARVIS, on behalf of themselves and all others similarly situated and MICHAEL JARVIS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.   Case No: 2:14-cv-654-FtM-29CM

BMW OF NORTH AMERICA, LLC,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on the Defendant's Motion to Enforce Settlement Agreement and Memorandum of Law in Support Thereof (Doc. #59) filed on January 7, 2016. The Court ordered Plaintiffs to respond (Doc. #60) on January 26, 2016. Plaintiffs have failed to respond, and the time to do so has expired. Also pending before the Court are Defendant's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. #42) and Plaintiffs' Motion for Class Certification (Doc. # 44), filed on June 9, 2015 and June 23, 2015, respectively. For the reasons set forth below, Defendant's Motion to Enforce Settlement Agreement is granted.

**I.**

Following the purchase of a BMW 2014 MINI Cooper, Plaintiffs Karen Jarvis and Michael Jarvis ("Plaintiffs") filed an eight-count Class Action Complaint against Defendant, BWM of North America, LLC (BMW NA), alleging various claims related to the purchase of the vehicle. (Doc. #41.) Plaintiffs allege that BMW NA willfully failed to identify overstatements in the vehicle's fuel economy and miles per gallon ("MPG") and that the purchase of their vehicle came with a guarantee that the car "would get 40 MPG Highway, 29 MPG City, and 33 MPG Combined." (Id. at 15.) Plaintiffs allege that this overstatement led to higher-than-promised fuel consumption. (Id. ¶ 2.) Plaintiffs state that they purchased the car for a higher price and have incurred higher fuel costs as a result of BMW NA's conduct.

Over the course of September and October 2015, Plaintiffs and the Defendant discussed terms regarding an individual settlement. These discussions culminated in BMW NA's transmittal to Plaintiffs' counsel of a draft Confidential Settlement Agreement on October 27, 2015. (Doc. #59-1, ¶¶ 2-4.) After several email exchanges with revisions to the draft settlement agreement, on October 29, 2015, Plaintiffs' counsel acknowledged that a complete agreement as to all essential terms had been reached and transmitted a copy of the final Confidential Settlement Agreement to BMW NA for execution. (Id. ¶¶ 5-6.)

Plaintiffs' counsel asked BMW NA to sign the Confidential Settlement Agreement and advised that he would have Plaintiffs sign as well.

On November 12, 2015, BMW NA executed the Confidential Settlement Agreement and returned it to Plaintiffs. (Id. ¶ 7.) On November 19, 2015, Plaintiffs' counsel advised BMW NA that Plaintiffs refused to sign the Confidential Settlement Agreement. (Id. ¶ 8.)  BMW NA now moves this Court to enforce the Confidential Settlement Agreement. (Doc. #59.)

**II.**

Under federal law, a district court has inherent power to summarily enforce settlement agreements entered into by parties in a pending case.  Ford v. Citizens & S. Nat'l Bank, Cartersville, 928 F.2d 1118, 1121 (11th Cir. 1991) (citation omitted).  "[S]ettlements are highly favored and will be enforced whenever possible." Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985).  In determining whether to enforce a settlement agreement, the Court must first determine if the parties entered into a valid, enforceable settlement agreement. In re Air Safety Int'l, L.C., 326 B.R. 883, 888 (Bankr. S.D. Fla.), aff'd in part, rev'd in part, 336 B.R. 843 (S.D. Fla. 2005).  The party seeking to compel enforcement of the purported settlement agreement must demonstrate that the negotiating attorney had clear and unequivocal authority to enter into the settlement agreement.

Murchison v. Grand Cypress Hotel-Corp., 13 F.3d 1483, 1485 (11th Cir. 1994).

In Florida, a settlement agreement is considered to be a contract and, as such, is governed by the general principles of Florida contract law regarding both construction and enforcement. Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987). For a valid settlement agreement to exist there must be an offer, acceptance of that offer, consideration, and a mutual meeting of the minds on all essential terms. In re Rolsafe Int'l, LLC, 477 B.R. 884, 902 (Bankr. M.D. Fla. 2012). The alleged agreement must be "sufficiently specific and mutually agreeable on every essential element." Don L. Tullis & Assocs., Inc. v. Benge, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985). "The last act necessary to complete a contract is the offeree's communication of acceptance to the offeror." In re Rolsafe Int'l, LLC, 477 B.R. at 901.

If an intent to settle the essential terms can be established, "it does not matter that the agreement is not fully executed." In re Air Safety Int'l, L.C., 326 B.R. at 888. In Florida, settlements may exist and be enforced without being signed by the parties. In re Rolsafe Int'l, LLC, 477 B.R. at 903; see also Reed ex rel Reed v. United States, 717 F. Supp. 1511, 1517 (S.D. Fla. 1988) ("All that is required is that the terms be clear, definite and capable of proof . . . [T]he physical

act of signing a document is a mere formality where the parties clearly intend to be bound.").

Florida law is clear that a settlement agreement may be reached through a series of email exchanges. In re Rolsafe Int'l, LLC, 477 B.R. at 902; see also Miles v. Nw. Mut. Life Ins. Co., 677 F. Supp. 2d 1312 (M.D. Fla. 2009) (the Eleventh Circuit has likewise held that settlement agreements reached via email are binding on the parties). While parties can expressly require that the terms of their agreement be formally memorialized and executed by the parties before becoming enforceable, there is no legal requirement that such agreements be reduced to writing. In re Rolsafe Int'l, LLC, 477 B.R. at 902-03. The physical act of signing a memorialized document is considered to be "a mere formality" when the parties have clearly shown an intent to be bound. Reed, 717 F. Supp. at 1517 (citing Int'l Telemeter Corp. v. Teleprompter Corp., 592 F.2d 49 (2d Cir. 1979)).

**III.**

Defendant contends that all of the necessary conditions for enforcement of the settlement agreement are present. (Doc. #59, pp. 4-5.) The record is clear that Plaintiffs' attorney had clear and unequivocal authority to enter into the settlement agreement. The exchange of emails between the parties serves as evidence of an expressed offer to settle. (Doc. # 59-1, pp. 4-12.) The series of emails represent an acceptance of the offer and the

memorializing of the terms in the settlement agreement further signifies that all essential terms were agreed upon. The drafted settlement agreement was read and each party was given the opportunity to make changes and alterations. When the draft arrived at a mutually agreeable form, Plaintiffs' counsel indicated to BMW NA that Plaintiffs had accepted the terms of the agreement and intended to be bound by those terms. Plaintiffs' counsel asked counsel for BMW NA to "begin the process of obtaining [his] client's signature," and represented that they would do the same for the Plaintiffs. (Doc. #59-1, p. 8.) The series of emails indicate that all of the essential terms of the settlement had been agreed upon and represented a communication of acceptance by the offerees, Plaintiffs, to the offeror, BMW NA. Thus, the Plaintiffs' subsequent attempted revocation was ineffective. See Warrior Creek Dev., Inc. v. Cummings, 56 So. 3d 915 (Fla. 2d DCA 2011) (where the trial court found that all essential and material terms of the settlement were reflected in an email, the subsequent failure to sign the settlement agreement was not an effective revocation).

While Plaintiffs did not physically sign the settlement agreement, there is no legal requirement that the agreement be memorialized in a formal document in order for it to be enforceable. Absent an expressed intent by the parties that no binding contract exist until negotiations are reduced to a formal

writing, the lack of a formal document does not negate the existence of a binding contract. In re Rolsafe Int'l, LLC, 477 B.R. at 902-03.  Here, there is no evidence to indicate that the parties did not intend to be bound until the agreement was formally documented and fully executed.  The Court finds that the exchange of emails and the acceptance expressed therein by the Plaintiffs created a binding and enforceable settlement agreement. Accordingly, the Court grants Defendant's Motion to Enforce Settlement Agreement.

Based upon the settlement agreement, the Defendant's Motion to Dismiss (Doc. #42) and Plaintiffs' Motion for Class Certification (Doc. #44) are both moot.

Accordingly, it is hereby

**ORDERED:**

1. The Defendant's Motion to Enforce Settlement Agreement and Memorandum of Law in Support Thereof (Doc. #59) is **GRANTED**;

2. Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint and Incorporated Memorandum of Law in Support (Doc. #42) is **DENIED as moot**;

3. Plaintiffs' Motion for Class Certification (Doc. #44) is **DENIED as moot**;

4. The parties are bound by the provisions of the Confidential Settlement Agreement and Release, and pursuant to

that agreement the case is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

5. The Clerk is hereby directed to enter judgment accordingly, terminate all previously scheduled deadlines and pending motions, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record